3230216, in re marriage of Shannon Rodgers, Applee, and Daniel Rodgers, Appellant. Thank you. Good afternoon. Good afternoon, Justice. Mr. Davi, are you ready to go? Whenever you are, Justice. Okay, you may proceed. Thank you. Justices, thank you very much for hearing this matter. I represent Daniel Rogers, the appellant. The overview is in the fact that Shannon Rogers filed a motion to modify her maintenance. The maintenance obligation of Mr. Rogers. The motion included only one allegation which was the simple fact that my client's income had increased. As a result of that being the sole basis upon Miss Rogers make filing her petition and her argument. Judge screw in in DuPage County denied the petition, included in the order of March, 10 2021. And judge screens ruling was largely sold, based on the Brunke case out of the second district. And within also within that order was his acknowledgement that had a substantial change in circumstances actually been shown by more than just the increase in Mr. Rogers income that he would have found that she did not meet the factors necessary under 504 a Brunke is a case that essentially holds a position that several of the other districts hold. Miss Rogers subsequently appealed that matter that decision. The second district felt otherwise, and had advised the trial court that for whatever reason, Brunke was set aside as to its position, and that the trial court should have gone through the factors because a increase in income would result in a fine being of substantial change in circumstances for proceeding to the modification. Despite the fact that judge screw in had originally stated that if he did apply the factors. Judge screw in ended up and did rule that Mr Rogers maintenance obligation would increase. However, the interesting factor is that despite judge grin originally stating that he would not find that Miss Rogers was entitled to a change, or excuse me to modification increase in her maintenance award in the original ruling. And in his subsequent ruling, went through the factors found nearly every factor. I'm sorry, just one quick question. If the first stage did, did the judge. Did judge screen state that even if there were a change in circumstances, he would not find for March 10 2021 order state specifically that. That's what I thought, what he didn't do was go through and enumerate his application of the factors. And so on that basis, I could see and understand where the justices would want that had we got past that is just the increase of substantial change in circumstances. So, so we go to the, the follow up resulting order after the remand and judge score in goes through the factors, and as you go through the order from judge score in. We clearly see that judge screen finds that Miss Rogers has not made the reasonable attempts to increase her situation that the lifestyle of the parties was, if anything, nothing but debt. So, there was minimum to no lifestyle to to uphold. Yes, they, there was testimony about travel, but there was also a significant testimony of the significant debt that my clients undertook as a result. So, just screen goes through all the factors, and as a result, weighing the factors. There is next to no factor that is in Miss Rogers favor. So, the only thing that could be held and that's the basis of our appeal to the, to the third district is just screen had to have either misinterpreted that order to say, going right into just ordering. What a maintenance amount would be, or it was abuse of his discretion, because he clearly sets out each and enumerates each and every factor, and all factors, essentially, go to the way of that. Miss Rogers would not be entitled to an increase in her maintenance award. Now, Miss Rogers significantly and most all of her response brief relies on the case of carpel to fourth district case. I think we've enumerated out significant. It is. It doesn't even stand on the same basis the carpel case was with regards to review. Blum and brunch brunch being a second district 2019 ill app. Second, 19 0201 all specifically have held out that there is a significant difference between a review and a modification review falling under 510 a dash five. And excuse me modification falling under 510 a dash five and reviews, falling under the 801 C, which reviews and the big differences reviews don't require substantial change in circumstances, so we wouldn't even be in the position of use utilizing the cases that Miss Rogers highlights. So, we go through the factors there clearly Miss Rogers has not met her burden to argue or to meet the burden for an increase. And therefore, it can only be clear that there is an abuse of discretion, or there was a misinterpretation. If we look at Justice McLaren's dissent, which essentially says, we shouldn't even be bothering that to consider going through once we go through the factors, whether there is a change. There is a change and we should just be setting. She is warranted of the increase. Well, that might. Would you say that Justice current actually followed the dissents language and not majority. That is seemingly where I can. It's the only thing that I can come across I because, again, when you read his ruling. There isn't one positive. I apologize there there was maybe one small neutral positive to Miss Rogers. Everything else was in the fact of the that she had the education. She didn't do anything with it. She has maintained the assets hurt her. She has actual assets. My client still paying debt. So, there the end that she actually in her expenses, looking at at the time of the judgment and when she argued her motion to modify her expenses are actually the same if not less, and her receipts of income or support between the support and the job she did, she actually was doing better. So, and she had more funds to utilize. So, that's, that's my at our analysis. I, it seems to be in my view, I'm still not sure how we got past Brunke. The reality is, and then I'll be in full candor. It probably should have attempted to take the appellate decision to the Supreme Court. If you want to go with where's the negative on our end should have taken that to the Supreme Court. However, given that I had a ruling from Judge Karin stating that even if he applied the factors, he would deny the motion. There would have been no reason to take that, that next step because he had already formally stated that in his mind, he applied the factors. She was not entitled to the modification. So, therefore, we come back down on the remand and we should just have him applying the factors that he had. That's another example of why sometimes it's unwise at the trial bench to be offering extra, extra opinions that aren't that you don't have to say anything on because then they're out there but go ahead. So, yeah, that is, I, these parties didn't need to go to the expense to go to the Supreme Court at least I didn't see it being in that manner, but that's what we're left with. I think we can still right the ship. I think the right thing can be done by this court. And if we want to take in and put us to where we're at, that we are stuck with his order that still sets out the factors. And if we still look at the analysis of the factors that Judge Karin detailed very well, it still goes to the fact that Ms. Rogers should not be entitled to an increase in her remand. Her maintenance award and Judge Karin's ruling should be reversed with affirmation from this court that she is not entitled because this court has the factors that has the information necessary to support a decision that in a finality, the Ms. Rogers was not entitled to that an increase in her maintenance obligation. With that, Justices, if there are any questions I can ramble on. I don't, I don't think that that would be a good use of the time. I'm happy to answer anything that the court may have question on and wants me to pinpoint into. Any questions? I have none. I don't. Okay, Mr. Davi, you will have an opportunity for rebuttal if you're finished for now. Just as I think I hit all my marks. Okay. Thank you. Thank you. Mr. Hanauer. Thank you, Justices and thank you for your time today. I represent Shannon Rogers. Shannon Rogers and Daniel Rogers were married in May of 2002. They have two children. At the time of the entry of the judgment for dissolution of their marriage, they were minors, and they were primarily living with my client, Mrs. Rogers. There was a judgment for dissolution of marriage entered on September 20 of 2017 required Mr. Rogers to pay maintenance and child support. For most of the marriage, Mrs. Rogers was a stay at home mom. In fact, in the entire marriage, she was a stay at home mom and Mr. Rogers was able to foster and further his career. In October of 2020, Mrs. Rogers filed a petition to modify the maintenance. There was no motions on the pleadings, there are no issues with the pleadings. In September of 2021. The issue went to hearing. There were two witnesses, Shannon Rogers, and Mr. Rogers. Mr. Rogers didn't present any evidence the only evidence was presented by Shannon Rogers. The evidence showed that Mr. Rogers income increased from the stated amount of $200,674 within the settlement agreement to $467,000, an increase by approximately over $250,000. When Mr. Rogers was asked about his tax returns and how they did not conform to his testimony. He was admonished by the court that he may have some Fifth Amendment rights against self incrimination, and he invoked those rights. Now, I think that's important when the court tries to consider credibility issues as it relates to the trial court, the trial court expressly stated it could consider the credibility of the witnesses and the evidence. The trial court denied the petition to modify the maintenance and Ms. Rogers appealed to the second district, the second district overturned that decision remanded back to the trial court. It's worth noting that the second district appellate courts decision went into great detail as to the factors of 510 and 504 and compared those factors to the evidence that was presented to the trial court. And in doing so, then it overturned the trial court's decision. The argument what what what and I guess what's not on appeal right now, and what what should not happen is reconsidering what the appellate court did. Mr. Rogers had an option to try to take this to the Supreme Court he elected not to do that. So this isn't a review of the appellate court the second district appellate courts order, and whether that is an appropriate finding or appropriate order from the second district. The issue is whether the trial courts, finding for the increase in maintenance on remand and review is against the manifest weight of the evidence and when we suggest that it's not within the Mr Rogers brief. He raises a couple of issues. Initially, first is that the trial court did not properly consider or interpret the mandate or direction of the appellate court, and that the, he still was arguing that there's no substantial change in circumstances, but the on page nine of the second district appellate courts decision which is appendix page 31 or page 842 of the record on appeal. The appellate court said in relevant part, the trial courts finding that Shannon failed to prove a substantial change at which it arrived by creating applying the two part framework is against the manifest weight of the evidence. Here the trial court stated on the record that it would not apply the factors to determine whether substantial change occurred. If the trial court had, it would have been obvious that Daniels increase in income of more than 250,000 created a change in his ability to pay satisfying Shannon's burden. The trial court then should have determined how the maintenance award should be modified upon the showing the trial court the appellate court then went into. Also state on page 11 of the decision, which is appendix page 33 or record a page, see 844 Daniels increased income was a substantial change in circumstances under section 510 a 57 of the act, the trial court should have analyzed the statutory factors enumerated in section 504 a of the act to determine whether modification of Daniels maintenance obligation would be appropriate. Therefore, we reverse the finding of no substantial change in circumstances and remand the matter for the court to the court to for the required that there should be an increase in the maintenance. And that is the issue on appeal, and really is that decision against the manifest waste a manifest way to be evidence and the answer is no. The trial court said expressly. I can find the words that it used, and it used that had went into great detail to examine the factors of 504 and 510, and then it reached a conclusion that there should be a modification of the of the maintenance. So the issue is whether that finding is against the manifest weight of the evidence and it is not. If the court in the appellate court second district went into great detail as well with their opinion as to the factors of 504 and 510 of the dissolution act as it relates to a modification of the maintenance. And there are some compelling factors that that I think this court should consider when it looks at the record and compares it to the statutory factors. Can I ask you just one quick correction? The second district only ruled that the finding that there was no. Substantial changes circumstances was against the manifest way to the evidence. They didn't go through the analysis of. Whether or how much there's 2 questions, I believe. It's I know that there's 2 other quotes that I'm going to have to ask you about in the 2nd district's decision. You did you did quote the 1 that I would have expected you to because they're inconsistent. There's 2 statements. By the 2nd district on what the trial court should do. That say 1 thing and another that you quoted, they seem to be inconsistent with the other 2. There's 3 total to say 1 thing. 1 says another thing, and so it's confusing, but I just wanted to agree at this point. The 2nd district only ruled that. The finding of no substantial changes circumstances. Was against manifest because that was the only issue before. They didn't make jurisdiction over any other issue. Correct. Okay. And the rest of the 2nd district appellate court's decision going into the factors would be considered dicta. That it just wasn't at the actual ruling of the court, but it did go into extensive detail with the records and the dissent was real clear that it would have gone further and just said, okay, how much more is it going to be? But you're yes, that is correct. But but again now going with this now that it's been remanded back. The issue is is the trial courts ruling against the manifest weight of the evidence. And when you look at the factors. The answer is no. I think I think the trial court was appropriate. There's a couple factors that I think are very compelling in this particular case from these these factual situations and I did cite to the carpel decision because I do think that's an important decision for these particular facts. In this case, the Mrs. Rogers was out of the workforce for about 15 years, and she wasn't out of the workforce from when she was, you know, 18 to 30 mid early 30s or 60 to 75. She was out of the period of the workforce during her prime employment years, the years when most people are cultivating a career. She was out of the workforce from her early 30s to her late 40s. And now she sort of has to catch up. Whereas conversely, Mr. Rogers during that same period of time was able to foster his career. She stayed home and focused on the two children. He fought he focused on his career. Now he's making over $467,000 a year. And that's he's gotten to that point, because she stayed home, and he was able to cultivate his career. So, isn't the real issue here, not whether, whether the court made a proper and that whether the, the, the, whether the maintenance is appropriate, but whether the court made it did a proper 504 analysis at all. Because it's comments indicated that it was, it was just saying the appellate court said I have to give maintenance. So I'm giving maintenance. Did the trial court misread the appellate court mandate. No, I don't think the trial court misread that the appellate court mandate. I think the appellate court mandate was was clear as consider the factors and if the factors support an increase in maintenance, then order the increase in maintenance. And I think that's what the, the trial court did the trial court went through each one of those factors, and then at the end of the day came up with the conclusion that yes, there should be an increase in maintenance. For example, the, the, the change in employment status that Mrs Rogers was unemployed. The court said that she's underemployed but said that her, her going to school to get an education to become have a career. And again, this is one of the issues that I wanted to touch on. It appeared that the trial court was implying that Mrs Rogers should have just gone out and got a job. There's a difference between a job and a career, and her sacrificing her, her time out of the workforce to raise the family entitles her to try to get a career, other than just a job. She shouldn't have to go to work at Walmart to get a job to make 35,000, she should have the ability the same ability as Mr Rogers, to be able to foster a career to be able to go get her degree, and then to be able to work her way up the ladder and foster that career, while still maintaining the standard of living established during the marriage. And so the implication from the trial court that she could have gone out and just gotten a job, I think, undermines or minimizes what she is trying to accomplish and what she's entitled to accomplish. And that is a career like Mr Rogers has. The court also said that she completed the master's degree and that was in good faith that she did go back to school, but the court then said that she should have found the job better but Mrs Rogers explained, she got her degree right when the pandemic was happening she couldn't get licensed that that delayed her and that took some time. And even when she does get a job she's going to be starting starting at ground zero, like Mr Rogers did at the beginning of the marriage. When she stayed home, and he was able to go out and cultivate this career. So she's going to need some time as well to cultivate this career. And all of that are part of the evidence and the factors, and the court did the trial court did consider this. The efforts of Mrs. Rogers become self supporting the court said yes, her efforts have been reasonable up until this point in time. The court went through all of these factors in great detail, and then came up with the conclusion that yes the maintenance should be increased and this is an amount that's reasonable. And in doing so, the court also when the court looks at for example the standard of living Mr Rogers is financial after affidavit says he needs almost $10,000 a month to meet his needs to meet a standard of living. Mrs Rogers financial affidavit conversely says that she needed about 800 8000 to 9000 but that didn't include the stuff that she normally had when they were married, going out to nice restaurants going on vacations. All of that has to be taken into account that Mr Rogers is able to maintain his standard of living that was acquired during the marriage but she wasn't. Now that he is making more money. There is more money than to maintain that standard of living. And again, the trial court went through each one of these factors, and then the trial court in its discretion, made a decision that the maintenance should be increased and the amount that the court awarded was reasonable under the facts of this particular family of this particular situation. So, so I'm asking the court to deny the appeal and affirm the trial courts ruling. Thank you for your time. Are there any more questions for Mr Hanauer. I have no. No, thank you. Thank you, Mr Davi and a rebuttal. Judge as briefly as possible. Unfortunately, I would let some things go but I have to respond. Well Mr Hanauer doesn't want to go back into the facts and relitigating and that we missed the boat on that he still went into it with your honors. But most concerning is that the tainting with this fifth amendment, my client taking the Fifth Amendment if the court were to actually go through the transcript Mr Hanauer was on asking my client to shoot from the hip about amounts that he earned. And then he went into question, Mr Rogers of with the actual documentation. And that's where the Fifth Amendment came in because of trying to make recollections from memory, and then Mr Hanauer trying to make a some kind of a record. So, I don't think that that has a lot in this, but I really don't think that that, and I don't believe that that should be a factor in when taken in context. But Mr Hanauer also does go into starting to argue about the job versus the career. Our reply brief goes into great detail about the fact that Miss Rogers already had a degree in education. So, she had the ability to seek this career as opposed to a job, and Jessica runs opinions and rulings go into detail. I think they, Mr Hanauer does a nice attempt that tap dancing around in making his argument, but judge screen is very clear of his position. But we circle back to a couple things. One is the concept. This is different than child supports, completely different than child support. The parties are tied together in a child support situation and when we're talking about their incomes. Maintenance is where were they? Miss Rogers had her shot at presenting what she needed to move on based upon that snapshot in time, and that's a snapshot in time of when we sever those type of ties between the parties. We say, now you can go do the things that you need to do absent some special circumstance to come in. And the one thing it goes back to is, and that's where Brunke comes in and says, listen, the fact that one person went and increased, especially the obligor went and increased his income. We're still cutting you off from the date of the judgment because that person's allowed to live their life and do what they need to on a self basis. On a child support basis, yes, we're tied in there and the courts look at it. So this is where Brunke is. And Miss Rogers in their briefs, both their original brief and the reply brief, tried to distinguish Brunke and say the standard of living of Brunke was upheld and this is the standard of living isn't like Brunke. And that's where the difference is between Brunke and the Rogers situation. But Judge Skurin is very clear about there really was no standard of living and there isn't any less of a standard of living now, if anything, it is greater. And Judge Skurin went into the details that the standard of living that Miss Rogers wanted to testify or did testify to and wants this court to believe was a mirage. It was fueled by a balloon of debt that my client testified that he is still, he took the brunt of and is still paying it. So this case is still on par with Brunke. It's still on par with the fact that we're not at a substantial, this wasn't a substantial change, but we're left with the fact that we have to apply the factors and the factors clearly indicate from Judge Skurin that an increase in my client's obligation to pay maintenance was not awarded. And there clearly was some disconnect in the interpretation of the remand. Justices, I thank you very much for your afternoon. Any other questions? Are you asking us to ignore the or undermine the second district mandate? Well, don't judge. The law of the place indicates that we're going to follow it. So I think that's more of my little tap dance with arguments. You can't ignore, we can't ignore it, but we can work with what we have and what we have creates the right, correct results. What we have is the fact that a mandate came down. Justice Skurin, in writing, set out all the factors. The factors do not apply or do not weigh in favor of Ms. Rogers. So, therefore, we can reverse the Judge Skurin's ruling that the maintenance increase was not appropriate and it should not apply. So we can find it that she did not prove a substantial change in circumstances that warrants a modification of her maintenance award. Let me ask you this question. Would you agree that really the only reason that the dissent, it appears to be the main reason the dissent wrote their dissent, is because the majority, although there is one inconsistent statement, but two to one, orders remands for the two-step process. You apply those factors and the court is first to answer the question, should maintenance be modified at all, period. It is a yes or no question. If the answer is yes, then you move on to what should the modification be. There's two questions here, not just one. And the majority orders the court to address both questions, whether or not, and I can give you the quotes, whether modification should be. Because as you point out, the judge said, even if there was a modification, I would find that, or I'm sorry, even if there is a substantial change in circumstance, I would find there is no acknowledging that he was aware that he had that discretion. So, in his order, and the bottom line is, I'm asking you this, the dissent, the reason for that dissent is, I would also find at the appellate level, that that first question, whether or not there should be a modification, has already been answered, will answer for the trial court, period. And it should go straight to a calculation. What's the modification? What should it be? That's what the dissent says. So that, which means that's not what the, even the dissent perceives the majority as, I believe, at least if you're going to go there, ordering the correct things. Two questions. You got to get through step one first. And I know the painfulness of that reality at this stage of the game and what the result of that might be. But do you agree that that's the distinction between the dissent, the very short dissent, and the majority? Correct. So the majority clearly say that what you need to apply, we say substantial change has occurred because there is a modification. So now you need to determine what does that substantial change rise to the level of actually modifying. So that's where I believe, and I think it is pretty clear, that's where the majority says. You have to first apply the factors to determine that, yes, she's entitled to a modification. Now, what is it? Justice McClaren goes right to the fact that he believes that it's already been applied. There's no question of whether there should be a modification. But that ignores 504A-5, that the majority rightly says, well, you need to apply it. And if Justice McClaren's position was correct, then he clearly did not take into fact of Judge Skurin's statement that even if I were to apply, I would not modify. At least the majority takes into, OK, well, you made that statement, but you didn't do it, and you didn't do it in writing. And now we're going to require that you make specific findings to those factors to support your statement that I still wouldn't modify. And he does that, and the factors don't come down that way. But he goes with McClaren's – right to McClaren's position. It really – I'm left at a loss. But I hope that answers your question. I think the other issue is three times in his decision he says the appellate court directs this court to modify maintenance. That's not true. And that's exactly the basis of our appeal. He says it, but that's not what it says. And he may get there, but it's a two-step process. And he says three times that they directed him to skip step one and go straight to step two. The decision then directs this court to reconsider the factors to reset maintenance, which is jumping to step two. And he said it a third time in his written decision. As the court – appellate court has already addressed the issue, concluding that there has been a substantial change in circumstances. The court moves to a recalculation, again, straight to step two, skipping question one. So do you think we may end up still going through the manifest weight of the evidence on what the court did do? I'm going to go through the manifest weight of the evidence of what the court did do. I think you need to go through the manifest weight of the evidence and abuse of discretion with regards to the application of the factors because the end result does not match up with the application of the factors. Okay. Justice, in something to clarify, Justice, and I'm looking for the exact date. I do apologize. But when – I think it's very telling. The court has the transcripts when – I'm trying to come up with the date. When Judge Skarin denied Mr. Rogers' motion to reconsider, he made some specific statements with his – that counter and actually support the fact that he really did not agree with the appellate court's position still. He made it very clear on the record. So, again, you pointed out exactly what we're having trouble with is his mindset seems to be very clear. His final decision does not seem to follow with it and follows more of a Justice McLaren. I have no other questions. Neither do I. Okay. We thank you both for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible.